CLD-010                                                            NOT PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2061
_____

UNITED STATES OF AMERICA

v.

JUSTIN LAW,
                                            Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-19-cr-00162-018)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 19, 2023

Before: KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: November 9, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Justin Law appeals the District Court's denial of his second motion for compassionate release. The Government has timely moved for summary affirmance.[1]

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release," in an action often referred to as "compassionate release," if a prisoner demonstrates that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). These factors include the need for the sentence imposed to: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes; and provide the defendant with needed training or treatment. 18 U.S.C. § 3553(a)(2). Other factors include the nature and circumstances of the offense; the history and characteristics of the defendant; any pertinent policy statements issued by the Sentencing Commission; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Law pled guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a schedule I controlled substance. The District Court sentenced Law to 96 months in prison, pursuant to a plea agreement that contained a stipulated sentence. On May 5, 2021, Law filed his first motion for compassionate release, which the District Court

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

denied on January 14, 2022. On March 28, 2023, Law filed the instant motion for compassionate release, pointing to the same medical issues that he cited in his first motion. The District Court determined that none of the factors discussed in 18 U.S.C. § 3553(a) weighed in favor of compassionate release, and specifically noted in its analysis the following issues: Law's substantial criminal history, which includes violent crime and drug offenses; his prior attempts to flee law enforcement; his repeated violations of his terms of supervision; his COVID-19 vaccination; and the fact that his sentence was below the mandatory minimum of 10 years because of the same medical issues he cites in his motion, namely asthma, hypertension, and obesity. The District Court noted that Law did not provide any medical records showing that he currently suffers from these ailments, nor did he provide any support for his argument that these medical conditions— either alone or in conjunction with COVID-19—constitute an extraordinary and compelling reason to justify his release. The District Court also rejected Law's argument regarding the upcoming amendments to the United States Sentencing Guidelines, and concluded that Law had failed to satisfy the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) with respect to his argument regarding his medical conditions.

We review a district court's denial of compassionate release for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). Under this standard, "we will not disturb the [district] court's determination unless we are left with a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached." Id. (second alteration in original) (internal quotation marks omitted). We may summarily affirm a district court's judgment if the appeal fails to

3

present a substantial question.  <u>See</u> 3d Cir. I.O.P. 10.6.

We concur with the District Court's reasoning, and perceive no abuse of discretion.  As the District Court concluded, Law prematurely relies on the forthcoming amendments to the Sentencing Guidelines, and has not shown extraordinary and compelling reasons warranting his release.  Moreover, even if he had done so, consideration of the § 3553(a) factors would be sufficient to deny his motion.[2]  We therefore conclude that this appeal does not present a substantial question.   Accordingly, we grant the Government's motion, and will summarily affirm the District Court's order.

---

[2] We therefore need not reach the question of whether he exhausted his administrative remedies.